AO 243 (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: District of Rhode Island | CA 05 027 T |
|---|---|---|
| Name of Movant: Carlos J. Loaiza | Prisoner No.: 05297-070 | Case No.: 03-CR-033 T |
| Place of Confinement: Low Security Correctional Institution-Allenwood, P.O. Box 1000, White Deer, PA 17887-1000 | | |

UNITED STATES OF AMERICA V. Carlos J. Loaiza
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack U.S. District Court District of Rhode Island.

2. Date of judgment of conviction October 7, 2003.

3. Length of sentence 60 months.

4. Nature of offense involved (all counts) Count One, possession with intent to distribute 500 grams of cocaine, 21 U.S.C. §841(a) and (b)(1)(B).

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒



(1)

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

(a) Name of court No appeal was filed.

(b) Result ________

(c) Date of result ________

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court N/A

(2) Nature of proceeding ________

(3) Grounds raised ________

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result N/A

(6) Date of result ________

(b) As to any second petition, application or motion give the same information:

(1) Name of court ________

(2) Name of proceeding ________

(3) Grounds raised ________

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result N/A

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Denial of right of appeal.

Supporting FACTS (state *briefly* without citing cases or law): After the sentencing, petitioner specifically requested counsel to file an appeal. No appeal was filed. This constitutes per se ineffective assistance of counsel.

B. Ground two: Denial of effective assistance of counsel.

Supporting FACTS (state *briefly* without citing cases or law): Counsel failed to file an appeal of the denial of the application of the safety valve without any evidence presented by the government that petitioner did not meet said criteria. The government merely asserted that petitioner did not meet the criteria but failed to produce any evidence.

C. Ground three: N/A

Supporting FACTS (state *briefly* without citing cases or law):

AO 243 (Rev. 2/95)

D. Ground four: N/A

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

N/A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Joseph J. Voccola, Esq.
454 Broadway, Providence, RI 02909

(b) At arraignment and plea Same as above.

(c) At trial No trial in this matter.

(d) At sentencing Same as above.

AO 243 (Rev. 2/95)

(e) On appeal No appeal filed.

(f) In any post-conviction proceeding N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:
N/A

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

01-21-05
Date

Carlos J. Loaiza
Signature of Movant

Carlos J. Loaiza - Pro Se
Reg. No. 05297-070
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

FILED

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Carlos J. Loaiza, Petitioner, | : | Criminal No. 03-CR-033 T |
| v. | : | Civil No. ____________ |
| UNITED STATES OF AMERICA, Respondant. | : : | |

PETITIONER'S PRO SE
MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255

AND NOW COMES Carlos J. Loaiza, petitioner pro se, and prays and respectfully moves this Honorable Court to issue an ORDER TO SHOW CAUSE upon the United States Attorney for the District of Rhode Island, to respond to the allegations in the instant motion to vacate, set aside or correct sentence under 28 U.S.C. §2255, alleging ineffective assistance of counsel for counsel's failure to file an appeal after the sentencing.

As grounds for this motion, petitioner submits the following:

I. CASE HISTORY

On July 15, 2003, petitioner appeared with counsel before the Honorable Ernest C. Torres, Chief U.S. District Judge, and pled guilty to the one-count Indictment charging him with possession with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. §841(a) and (b)(1)(B). This Honorable Court accepted the plea of guilty and ORDERED a PSI Report.

A PSI Report was prepared on or about August 22, 2003, and distributed to defense counsel, Joseph J. Voccola, Esq., (retained), and AUSA Mary Rogers, Esq., for the United States.

The Pre Trial Services Report indicated that petitioner appeared to meet the criteria of U.S.S.G. §5C1.2 "Safety Valve". The government objected to the two point reduction in offense level on the grounds that petitioner did not satisfy subsection 5 of U.S.S.G. §5C1.2, by asserting that petitioner was not truthful during his debriefing, and therefore, did not qualify for the additional two level reduction. The government failed to present any evidence on the point, e.g., facts agreed to in guilty plea proceedings, or internal contradictions within the proffer itself. (See Exhibit "A", Government's Objection Presentence Investigation Report).

Counsel for defendant subsequently filed an objection to the government's objection to the presentence investigation report and asserted that petitioner should receive the two-level reduction in offense level on the grounds that he has satisfied subsection 5 of U.S.S.G. §5C1.2, and has met his burden of showing that he was entitled to a safety valve reduction. (See Exhibit "B", Defendant's Obejction to the Government's Objection to the Presentence Investigation Report).

On October 7, 2003, this Honorable Court agreed with the government that petitioner did not meet the criteria for safety valve and subsequently sentenced petitioner to the mandatory minimum of 60 months' imprisonment.

Immediately after the sentencing, petitioner requested counsel to appeal the sentence because of the denial of the safety valve.

Counsel responded that there was nothing I could do about the denial

of safety valve, and there was nothing to appeal.

On July 16, 2004, petitioner filed a "Motion Requesting Sentencing Transcripts" with this Honorable Court in preparation for filing a §2255 motion. (See Exhibit "C").

On August 24, 2004, this Honorable Court issued a "Memorandum and Order" requesting an affidavit of indigency before transcripts would be provided free of charge. (See Exhibit "D").

On August 30, 2004, petitioner filed a "Memorandum and Statement with Respect to the Petition of Sentencing Transcripts by Defendant As Requested by the Court" and indicated that due to the difficulties in getting access to the documents requested by the Court, he could not present the necessary documents and suggested that the PSI Report has a detailed statement of assets and requested the Court to consider the PSI Report in lieu of an affidavit of indigency to obtain the transcripts in preparation for filing a §2255 motion. (See Exhibit "E").

On September 30, 2004, this Honorable Court issued an ORDER denying petitioner's request for transcripts, without prejudice, because of his failure to demonstrate his indigency. (See Exhibit "F")(by Magistrate Judge Jacob Hagopian).

On October 12, 2004, petitioner filed a "Memorandum by Defendant for the Court to Reconsider the Petition of the Sentencing Transcripts", suggesting that with the court's blessing, he would be willing to pay a portion of the costs of transcripts, in installments.

On November 30, 2004, Magistrate Judge Jocab Hagopian issued a "Memorandum and Order" **GRANTING IN PART** and **DENYING IN PART**, the extent that

petitioner has sought his transcripts, but not free of charge.

Subsequently, with the aid and assistance of a prison "writ writer", petitioner now files the instant motion to vacate, set aside or correct sentence under 28 U.S.C. §2255.

II. ISSUE

Petitioner submits that his petition addresses two issues: 1) Whether counsel's failure to file an appeal, at his request, constitutes per se ineffective assistance of counsel; and 2) Whether counsel's failure to file an appeal on the denial of the application of the safety valve rendered counsel constiutionally ineffective.

ISSUE-1

**WHETHER COUNSEL'S FAILURE TO FILE AN APPEAL, AT PETITIONER'S REQUEST, CONSTITUTES PER SE INEFFECTIVE ASSISTANCE OF COUNSEL.**

**A. Rule of Law**

"A defendant claiming ineffective assistance of counsel must show: 1) that counsel's representation 'fell below an objective standard of reasonableness,' and 2) that counsel's deficient performance prejudiced the defendant." Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000)(quoting Strickland v. Washington, 466 U.S. 668 (1984)).

Furthermore, persons convicted in federal district courts have a right to a direct appeal. Coppedge v. United States, 369 U.S. 438 (1962). In addition, the Sixth Amendment right to counsel extends to the direct appeal, Douglas v. California, 372 U.S. 353 (1963), and it obligates the attorney to file the appeal and identify possible issues for the court even if, in the attorney's opinion, those issues are not meritorious. Anders

v. California, 386 U.S. 738 (1967).

**B. Applicability**

Applying the above Supreme Court precedent to this case, petitioner respectfully submits that counsel was constitutionally ineffective when he failed to file a notice of appeal at his request. The allegations contained in petitioner's 28 U.S.C. §1746 Certification state a cognizable, out of courtroom claim. They are not conclusory, contradicted by any record nor so inherently incredible as to permit them to be ignored. Where a petitioner alleges that counsel's ineffective conduct occurred in an off the record discussion with counsel, this is the type of case where the record "could...cast no real light" on petitioner's allegations. See Machibroda v. United States, 368 U.S. 487, 494-95 (1962); see also Bender v. United States, 387 F.2d 628, 630 (1st Cir. 1967)(one may not conclusively disprove that an off the record discussion did not happen by referring to the record).

**C. Conclusion**

Petitioner respectfully submits there is no dispute that if a defendant tells his lawyer to appeal, the lawyer's failure to do so or to do so timely, as is the situation in this case, is per se ineffective assistance of counsel. See Roe, supra, 528 U.S. at 474; accord, United States v. Tajeddini, 945 F.2d 458 (1st Cir. 1991), cert. denied, 112 S.Ct. 3009, 120 L.Ed.2d 883 (1992).

ISSUE-2

**WHETHER COUNSEL'S FAILURE TO FILE AN APPEAL ON THE DENIAL OF THE APPLICATION OF THE SAFETY VALVE RENDERED COUNSEL CONSTITUTIONALLY INEFFECTIVE.**

**A. Rule of Law**

A defendant claiming ineffective assistance of counsel must show:

1) that counsel's representation fell below an objective standard of reasonableness, and 2) that counsel's deficient performance prejudiced the defendant. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000)(quoting Strickland v. Washington, 466 U.S. 668 (1984)).

A defendant is eligible for a two-level reduction in his offense level if he meets all of the requirements set forth in U.S.S.G. §5C1.2. See U.S.S.G. §2D1.1(b)(6); United States v. Osei, 107 F.3d 101 (2nd Cir. 1997). The burden is on the defendant to show that he is entitled to a safety valve reduction. United States v. Richardson, 225 F.3d 46, 53 (1st Cir. 2000). Disclosure by the defendant must be full disclosure. United States v. Marquez, 280 F.3d 19, 25 (1st Cir. 2002).

**B. Applicability**

Applying the law governing the applicability of the safety valve to defendant's at sentencing, petitioner respectfully submits that he satisfies the criteria. Counsel filed a motion objecting to the government's contention that petitioner did not truthfully provide the government with all information regarding the offense. However, the government did not offer any evidence to back up its argument's that petitioner was not truthful or did not provide full disclosure. While it is black letter law that the burden is on the defendant to show that he is entitled to a safety valve reduction, once the defendant has made said proffer, if the government disputes the truthfulness or completeness of the defendant's proffer, the government then has the burden to present evidence on the point, and that the adequacy of the proffer cannot be negated by the government's mere conclusory assertion that the proffer is not truthful or incomplete.

**C. Conclusion**

Petitioner respectfully submits that denying application of the safety valve because of the possible improbability of a defendant's proffer creates substantive, as well as procedural, arbitrariness and unfairness: the necessary effect of such a denial is to make subjective improbability, rather than untruthfulness, a disqualification for the safety valve.

The completeness or truthfulness of a defenant's proffer may be negated by evidence newly presented after the proffer is made, or by evidence otherwise presented or agreed facts in guilty plea proceedings. In this case the government failed to present any evidence to negate petitioner's proffer as being untruthful or incomplete. The government merely asserted that they were.

Counsel failed to appeal the district court's decision to agree that petitioner did not meet the criteria as set out for safety valve without any evidence to the contrary presented by the government. Petitioner requested counsel to appeal. Counsel replied that there was nothing that he could do. Subsequently, no appeal on the denial of the safety valve was filed by counsel, whether petitioner requested said appeal or not. Counsel did object to the government's denial of the application, but subsequently abandoned said quest on appeal.

Petitioner respectfully submits the government cannot by its mere ipse dixit establish that a defendant has been untruthful. The issue requires evidence and counsel was constitutionally ineffective for failing to appeal based upon the denial of the application of the safety valve.

PRAYER

WHEREFORE, Petitioner Carlos J. Loaiza, prays for the following relief:

A) An ORDER TO SHOW CAUSE to be directed upon the United States Attorney for the District of Rhode Island to respond to the allegations in the §2255 motion, memorandum of law in support thereof, and affidavit;

B) An ORDER remanding this case to the district court to put petitioner back into the position that he would have been in had his attorney filed a notice of appeal;

C) An ORDER remanding this case for an evidentiary hearing on the issue of whether counsel was constitutionally ineffective for failing to appeal the denial of the application of the safety valve;

1. If said evidentiary hearing is ORDERED, appointment of counsel is requested pursuant to 18 U.S.C. §3006A(2)(B);

D) Upon conclusion of said evidentiary hearing, VACATE the sentence previously imposed, and apply the safety valve provision pursuant to U.S.S.G. §5C1.2 and 18 U.S.C. §3553(f); and

E) And any such other and further relief this Honorable Court deems just and appropriate.

Done this 21 day of January, 2005.

Respectfully Submitted,

Carlos J. Loaiza - Pro Se
Reg. No. 05297-070
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000



U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND
2005 JAN 26 P 4: 25
FILED

"A"

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 03-033T |
| | ) | |
| CARLOS LOAIZA | ) | |

**GOVERNMENT'S OBJECTION PRESENTENCE INVESTIGATION REPORT**

The Pre Trial Service Report states that the Defendant, CARLOS LOAIZA, appears to meet the criteria of U.S.S.G. §5C1.2 "Safety Valve". The government objects to the two point reduction in offense level on the grounds that the Defendant has not satisfied subsection 5 of U.S.S.G. §5C1.2.

Safety Valve

A defendant is eligible for a two-level decrease in his offense level if he meets all of the requirements set forth in USSG § 5C1.2. See USSG § 2D1.1(b)(6); United States v. Osei, 107 F.3d 101 (2nd Cir. 1997). The burden is on the defendant to show he is entitled to a safety valve reduction. United States v. Richardson, 225 F.3d 46, 53 (1st Cir. 2000). Disclosure by the defendant must be full disclosure. United States v. Marquez, 280 F.3d 19, 25 (1st Cir. 2002). Loaiza fails to satisfy subsection 5 of USSG § 5C1.2. While federal officers did speak with Loaiza on August 22, 2003, those officers do not believe that Loaiza provided the government with all information Loaiza has regarding the offenses of conviction and any relevant conduct, nor does law enforcement believe that the defendant was completely truthful.

Based upon the above, as well as testimony presented at the time of the sentencing, the

government submits that the defendant, Loaiza is not safety valve eligible.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

MARGARET E. CURRAN
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

**CERTIFICATION OF SERVICE**

I hereby certify that on this ______ day of September, 2003, I served by first class mail, postage prepaid, a copy of the within Government's Objection to the Presentence Investigation Report, to the following attorney of record:

Joseph J. Voccola, Esq.
454 Broadway
Providence, RI 02909

___________________________________

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V | : | Cr. No.: 03-033T |
| CARLOS LOAIZA | : | |

DEFENDANT'S OBJECTION TO THE GOVERNMENT'S
OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT

The Pre Trial Service Report states that the Defendant, Carlos Loaiza, meets the criteria of U.S.S.G. §5C1.2 "Safety Valve." The defendant respectfully asserts that he should receive a two-level reduction in offense level on the grounds that the defendant has satisfied subsection 5 of U.S.S.G. §5C1.2.

A defendant is eligible for a two-level decrease in his offense level if he meets all of the requirements set forth in U.S.S.G. §5C1.2. See USSG § 2D1.1(b)(6); United States v. Osei, 107 F.3d 101 (2nd Cir. 1997). The burden is on the defendant to show he is entitled to a safety valve reduction. United States v. Richardson, 225 F.3d 46, 53 (1st Cir. 2000). Disclosure by the defendant must be full disclosure. United States v. Marquez, 280 F.3d 19, 25 (1st Cir. 2002). Loaiza satisfies subsection 5 of USSG §5C1.2. The defendant disagrees with the government's contention that he did not truthfully provide the government with all information regarding the offenses he has pled to and as well as any and all relevant conduct. Law enforcement does not believe that the defendant was completely truthful. Co-counsel, Thomas F. Connors, Esq., was present during the entire debriefing process and assisted in explanation of questions posed to the defendant. Moreover, the defendant respectfully asserts that he was truthful and honest during the

entire interview and answered every question posed even though may were actually began the scope of the case he pled to.

WHEREFORE, the defendant respectfully submits that he is safety valve eligible.

Respectfully Submitted
By his Attorney,

Joseph J. Voccola Esq. #4132
454 Broadway
Providence, RI 02909
401-751-3900
401-751-8983

Thomas F. Connors, Esq. #2108
454 Broadway
Providence, RI 02909
401-751-3900
401-751-8983

CERTIFICATION

I hereby certify that the above was mailed to The United States District Court for the District of Rhode Island, Office of the Clerk, 1 Exchange Terrace, Providence, RI 02903 and to Mary E. Rogers, Assistant U.S. Attorney, 50 Fleet Center, 8th Floor, Providence, RI 02903 on this 5 day of September, 2003.

"C" EXHIBIT "C"

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

Copies

United States Of America

-V-

[redacted]

Case NO. 1:03CR0[redacted]

----*----

**Motion Requesting Sentencing Transcripts**

Now cames the Defendant, Carlos J. Loaiza, respectfully moves this Honorable Court for an Order requesting that the transcript from the sentencing hearing, held on Octover 7, 2003, be provided.

At this moment I am being held at the Low Security Correctional Institution- Allenwood, PA.

I am preparing myself, to collaterally attack the court's decision filing a 2255 motion, and the transcript of the hearing is a vital and necessary tool for adequate preparation of my defence.

Do to the legal expenses and outstanding debts incurred as a result of this case, I am without the funds necessary to pay the cost of that trancript, and request that it can be provided free of charge. Britt -v- North Carolina (1971) 404 US 226, 30L Ed 2d 400, 92 S CT 431(state must provide indigent defendant with transcript of prior proceedings when transcript is needed for an effective defence or appeal)

Defendant respectfully request and prays that this motion be granted.

7/16/04

Respectfully submitted,

[signature]

[redacted]
Fed # [redacted]
L.S.C.I - Allenwood
P.O. Box 1000
White Deer, PA 17887

EXHIBIT "D"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**UNITED STATES OF AMERICA**

**v.** **Cr. No. 03 - 033 T**

**CARLOS J. LOAIZA**

## MEMORANDUM AND ORDER

Carlos J. Loaiza, *pro se*, filed with the Court a motion requesting that his sentencing transcript be provided to him, free of charge. Loaiza claims that he is indigent and the transcript is needed to collaterally attack his conviction / sentence pursuant to 28 U.S.C. § 2255. Loaiza, however, has not demonstrated to this Court that he is indeed indigent. Loaiza will be provided an opportunity to do so.

Accordingly, it is hereby **ORDERED** that Loaiza submit to the Court, within ten days, the following material:

1. An affidavit indicating that he is unable to pay for the reproduction of such a transcript. Said affidavit shall include a statement of all assets that Loaiza possesses. See i.e. 28 U.S.C. 1915(a)(1); and

2. A certified copy of his prison trust account statement (or institutional equivalent) for the six month period prior to the instant request, obtained from the appropriate prison official. See i.e. 28 U.S.C. 1915(a)(2).

Following compliance with this order, the Court will assess what portion of the cost for reproducing the transcript Loaiza shall be required to pay, if any. The Court may require Loaiza to make payments pursuant to a monthly payment plan. See i.e. 28 U.S.C. § 1915(b)(2).

If, however, Loaiza fails to comply with this order, the Court shall considered his request for his sentencing transcript abandoned.

**IT IS SO ORDERED.**

Jacob Hagopian
United States Magistrate Judge
Date: 8/24/04

39

E-4

EXHIBIT "E"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

United States of America )
)
-V- ) Cr. No 03-033T
)
Carlos J. Loaiza )
)

- - -*- - -

**Memorandum And Statement With Respect To The Petition Of Sentencing Transcripts By Defendant As Requested By The Court**

Honorable Court, I Carlos J. Loaiza,(Defendant ) received your letter dated August 24, 2004.

I personally received your Memorandum and Order on August 28, 2004. In this document it was indicated that I had 10 days to file a response. Due to the limited number of days and difficulties in getting access to the documents requested by the court, I am unable to present the necessary documents at this time.

This Honorable Court requested said affidavit and statement of all assets that the defendant possesses.

The defendant currently does not have or possess any assets. WHATSOEVER, a truly detailed statement of all assets was given to the probation officer for the preparation of the PSI before sentencing. Defendant would be pleased to submit this information with this responce, but , a copy of the PSI report was never given to the defendant by his attorney, in fact, the defendant has never had sight of the PSI.

FURTHERMORE, it is not possible in the time indicated by the court to obtain a copy of the inmate trust account, from the facility where the defendant is serving his sentence (L.S.C.I-Allenwood) Defendant have requested a copy which will be forwarded to the court as soon as I receive it.

In the meantime , the defendant attaches copies of receipts that were provided by the L.S.C.I , showing deposits which were made by family members to the defendant if order to help himself while in prison.

If the documents attach to this memorandum are of some help to the court to grand me the transcripts petition at no cost, defendant will be great full to receive them.

If the court concludes that the defendant cannot receive these documents , free of charge, I would like to know the cost of obtaining them before I commits myself to the purchase ,and/ or how many monthly payments can be made to repay the cost.

Defendant prays that this response be accepted.

Sincerely,

Date: August 30,2004

Carlos J. Loaiza
Fed# 05297-070
Low Security Correctional
Institution- Allenwood
P.O. Box 1000
White Deer, PA 17887

EXHIBIT "F"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**v.** **Cr. No. 03 - 033 T**

**CARLOS J. LOAIZA**

# ORDER

Carlos J. Loaiza, *pro se*, filed with the Court a motion requesting that his sentencing transcripts be provided to him, free of charge. In the motion, Loaiza claimed to be indigent and he asserted that the transcripts were needed to collaterally attack his conviction / sentence pursuant to 28 U.S.C. § 2255. Loaiza, however, did not demonstrate to this Court that he was indeed indigent.

On August 24, 2004, this writer issued an Order directing Loaiza to submit a certified copy of his prison trust account statement to demonstrate that he is indigent. In the same Order, this writer informed Loaiza that he may be responsible for the payment of the costs, or a portion thereof, for the reproduction of his sentencing transcripts, depending on his financial situation. Loaiza's sentencing hearing occurred on September 26, 2003 and October 7, 2003. The cost to reproduce the September 26, 2003 sentencing transcript would have been approximately $145.02 and the cost of the October 7, 2003 sentencing transcript would have been approximately $138.60.

However, this Court need not determine what portion of the costs, if any, Loaiza will be responsible for since he has failed to comply with the Court's directive to supply it with a copy of his prison trust account statement. Due to Loaiza's failure to comply with this Court's Order to supply his prison trust account statement, Loaiza's motion for his sentencing transcripts, free of charge, is hereby **denied without prejudice**.

**IT IS SO ORDERED.**

Jacob Hagopian
United States Magistrate Judge
September 30, 2004

40

"G" EXHIBIT "G"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

-V- Cr. No 03-033T

Carlos J, Loaiza

**Memorandum By Defendant For The Court To Reconsider The Petition Of The Sentencing Transcrips**

Honorable Magistrated Judge Jacob Hagopian.

Thank you for your letter dated September 30,which I received on October 6, 2004.

You may wish to be aware that I submitted to the court on August 30, the response which was requested by the court.

In that letter, I explained my financial statues and assests to the court. At the same time I requested additional time to reply, as I was awaiting from an Institution Staff, a statement of my Inmate Trust Account Atatement. This has now been received and is attached together with a copy of my previous letter dated August 30.

The court will be aware that the transcript which I am seeking is an essential tool in preparation of my 2255 motion .

I would be extrenely grateful if the court could help me with the cost of obtaining the transcrips, or permitting me to pay a portion of the cost, in any, by instalments.

Neither I nor my family have the financial resources available to pay for the transcripts and my family's contribution to my prison conforts are infrequent and not axcessive.

Therefore, I am submitting this document, praying that this honorable court reconsider my petition.

Respectfully Submitted,

Date: 10-12-04

Carlos J. Loaiza
Fed # 05297-070
L.S.C.I-Allenwood
P.O. Box 1000
White Deer, PA 17887

To: United States District Court
District Of Rhode Island
Clerks Office.

From: Carlos J. Loaiza
Case#. 03-033 T

Respectable Clerk.

I Carlos J. Loaiza, is submitting this petition to you, respectfully requesting the follow documents from the court's file.

**Pre-Sentence Investigation Report. (PSI)**

**Inmate's Signed Plea Agreement.**

Non of this documents requested at this time , were provided by counsel during his assistance in this proceedings.

Former counsel have been uncooperative up to today, not just with my family, but with me as well.

Therefore , with all do respect I am submitting this petition requesting that the above documents be send to me to the address below.

Yours Sincerely,

Date: 10-12-04

Carlos J. Loaiza
Fed # 05297-070
Low Security Correctional
Institution- Allenwood
P.O. Box 1000
White Deer, PA 17887

EXHIBIT "H"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**v.** **Cr. No. 03 - 033 T**

**CARLOS J. LOAIZA**

## MEMORANDUM AND ORDER

On July 16, 2004, Carlos J. Loaiza, *pro se*, filed with the Court a motion requesting that his sentencing transcript be provided to him free of charge. In the motion, Loaiza claimed to be indigent. On August 24, 2004, this Court Ordered Loaiza to demonstrate that he is indeed indigent by providing the Court with a copy of his prison trust account statement and an affidavit. Loaiza failed to comply and this Court denied his motion on September 30, 2004. This Court informed Loaiza that the cost for the reproduction of the transcripts would amount to $283.62, and that if his motion was granted, he may be required to make payments to cover the costs.

Thereafter, Loaiza filed a motion for this Court to reconsider, with the necessary documentation demonstrating that he is indeed indigent. Therefore, Loaiza's motion to reconsider is **granted**. Furthermore, Loaiza's motion for his sentencing transcripts is hereby **granted in part, and denied in part. Loaiza's motion is granted to the extent that he seeks his transcripts. However, Loaiza's motion is denied to the extent that he seeks the transcripts free of charge.** After a review of Loaiza's prison trust account statement and his affidavit filed in support of his motion, Loaiza shall bear the cost of the reproduction of the transcripts in the following manner.

Loaiza shall be assessed an initial partial fee of $25.00. The Federal Correctional Institution

is hereby Ordered to forward the initial payment on Loaiza's behalf. Provided Loaiza' s prison trust account balance equals or exceeds the initial fees assessed, the initial fee shall be forwarded to the clerk of this court within twenty days of this order. If Loaiza lacks sufficient funds to pay the fee, the initial payment shall be forwarded by the Federal Correctional Institution as soon as the balance in Loaiza's prison trust account equals or exceeds $25.00. Furthermore, the Federal Correctional Institution shall forward to the clerk of this court subsequent monthly payments of 20 percent of the plaintiff's preceding month's income each time the Loaiza's account balance exceeds $10.00. See i.e. 28 U.S.C. § 1915(b)(2). Such fees shall be forwarded until the $283.62 is paid in full. See id.

**IT IS SO ORDERED.**

Jacob Hagopian
United States Magistrate Judge
Date: Nov 30, 2004

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Carlos J. Loaiza, Petitioner, | : | Criminal No. 03-CR-033 T |
| v. | : | Civil No.________ |
| UNITED STATES OF AMERICA, Respondant. | : : | |

AFFIDAVIT OF CARLOS J. LOAIZA

NOW COMES Carlos J. Loaiza, affiant in the above captioned motion to vacate under §2255, and hereby depose and says under penalty of perjury pursuant to 28 U.S.C. §1746, of the laws of the United States of America, the following:

1. I am the same Carlos J. Loaiza who was previously named as "defendant" in case number 03-CR-033 T, in the United States District Court for the District of Rhode Island.

2. I was represented by Joseph J. Voccola, Esq., (retained), 454 Broadway, Providence, RI 02909.

3. On July 15, 2003, at counsel's advice, I appeared before the Honorable Ernest C. Torres, Chief U.S. District Judge, and pled guilty to the One Count Indictment charging me with possession with intent to distribute 500 grams of cocaine.

4. A PSI Report was prepared on or about August 22, 2003, and counsel subsequently informed me that I may be eligible to receive less than

the 5 year statutory maximum which I had pled guilty to because of the so-called "safety valve" provision of the sentencing guidelines.

5. Subsequently, upon information and belief, the government filed an objection to the pre trial services report that I appeared to not qualify for a two-level reduction for safety valve.

6. Upon information and belief, counsel subsequently filed an objection to the government's objection that I did not meet the criteria and intimated that I should receive the two-level reduction below the mandatory minimum.

7. On October 7, 2003, this Honorable Court agreed with the government that I did not meet the criteria for safety valve and subsequently sentenced me to 60 months' imprisonment.

8. Immediately after the sentencing, I then requested counsel to file an appeal of the sentence because of the denial of the application of the safety valve.

9. Counsel responded that "there is nothing you can do about the denial of the safety valve."

10. Counsel also advised me that "there is nothing to appeal."

11. Upon information and belief, the effect of counsel's failure to file an appeal is that I lost the ability to protect my vital interests at stake. I was unable to demonstrate through the appellate process that I should have been awarded a two-level reduction for the safety valve.

AFFIANT FURTHER SAYETH NOT.

Signed: [signature] Dated: 01-21-05

# PROOF OF SERVICE

I certify that on 01-21-05 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

Clerk's Office
U.S. District Court
District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903
(Original and Two Copies of §2255 Motion)

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 01-21-05 (date) for forwarding to the XXXXXXXXXXXXs. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Signature
Carlos J. Loaiza - Pro Se
Reg. No. 05297-070
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

Dated: 01-21-05

*J:\FORMS\BRFS-APP\Informal Brief Questionnaire.wpd*