IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CARLOS J. LOAIZA )
Petitioner )
v. ) CA CR 05-027T
)
UNITED STATES OF AMERICA )
Respondent )

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

## I. PROCEDURAL HISTORY

On April 15, 2003, with the help of a cooperating witness, members of law enforcement arranged to purchase one kilogram of cocaine from the Defendant, Carlos J. Loaiza. Loaiza arrived at the agreed upon location and at the agreed upon time. A Terry frisk of Loaiza's person revealed a bulky package which was identified as a block or kilogram of cocaine. Loaiza spontaneously uttered the words, "Okay, you got me." The substance was analyzed and the results showed that the substance was cocaine and the net weight was 988.7 grams. On April 30, 2003, the defendant was indicted on one count of possession of cocaine with in intent to distribute in violation of 21 U.S.C. §841(a) & (b)(1)(B). On July 15, 2003, the defendant pled guilty to the charge. On October 7, 2003, the defendant was sentenced. Prior to the Defendant's sentencing, the defendant took the stand and testified in support of his claim that he had met the criteria to qualify him for a reduction in offense level pursuant to U.S.S.G. §5C1.2, "Safety Valve". The burden is on the defendant to show he is entitled to a safety valve reduction. United States v. Richardson, 225 F.3d 46, 53 (1st Cir. 2000). The government presented the testimony of



3

one of the officers who had interviewed the defendant pursuant to U.S.S.G. §5C1.2 "Safety Valve". At the conclusion of the testimony, the sentencing Court noted that he did not find the defendant's testimony credible, that the defendant had not established that the defendant qualified for the safety valve and thus the defendant's offense level was not reduced pursuant to U.S.S.G. §5C1.2 "Safety Valve". Final judgement entered on October 16, 2003.

## II. ARGUMENT

### A. The Defendant Failed To File A Timely Appeal And Thus His Claims Are Barred.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), except in four circumstances, the AEDPA requires a § 2255 petitioner to file his petition within one year of the date on which his conviction became final. As the Seventh Circuit has noted, prior to the AEDPA, "a prisoner could seek post conviction relief at almost any time." United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir.), cert. denied, 531 U.S. 878 (2000); accord Wims v. United States, 225 F.3d 186, 189 (2d Cir. 2000). The only recourse for the government was to argue that the petition should be dismissed "on account of unreasonable and prejudicial delay under Rule 9(a) of the Rules Governing Section 2255 Proceedings." Rogers v. United States, 180 F.3d 349, 355 n.14 (1st Cir. 1999), cert. denied, 528 U.S. 1126 (2000); accord Goodman v. United States, 151 F.3d 1335, 1337 n.4 (11th Cir. 1998). Under the AEDPA, if a petitioner is even one day late, and no exceptions apply, he is simply out of luck. United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere [and] statutes of limitation protect important societal interests").

With the passage of the AEDPA in 1996, § 2255 was amended to provide in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added).

In other words, the general rule is that the petitioner must file his petition within one year of the date on which his judgment of conviction becomes final, unless: (1) the government unlawfully creates an impediment to filing the petition and this impediment causes the petitioner to miss the deadline (in which case the petitioner gets one year from the date on which that impediment was removed); (2) the Supreme Court creates a new right and that new right is made retroactively applicable to cases on collateral review; or (3) the petitioner, exercising due diligence, could not have discovered the key facts supporting his claim until a certain date (in which case the petitioner gets one year from that date). A fourth, judicially-created, exception, in which most courts recognize that there may be extreme circumstances in which the one-year limitations period should be "equitably tolled" also exists. The D.C. and First Circuits, however, have so far reserved the question. Trenkler v. United States, 268 F.3d 16, 24-25 (1st Cir. 2001); United States v. Saro, 252 F.3d 449, 453-54 (D.C. Cir. 2001), cert. denied, 122 S. Ct. 1111

(2002); United States v. Cicero, 214 F.3d 199, 200, 202-03 (D.C. Cir. 2000). The Seventh Circuit has noted that although the doctrine is available in theory, it appears that there is little room for its application in the habeas context given that Congress itself has delineated three specific circumstances in which the otherwise applicable one-year limitations period will be extended. Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (Posner, J.); accord Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001), partially overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001).

The defendant has not advanced any arguments that would fit within the four exceptions. The majority rule is that, in a case where the petitioner never took a direct appeal, the conviction "becomes final" ten days after the date when the district court enters the judgment of conviction on the docket sheet, meaning that the petitioner gets the benefit of the ten-day period in which he could have filed a notice of appeal under Fed. R. App. 4(b). United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001); Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); United States v. Tush, 151 F. Supp.2d 1246, 1248 (D. Kansas 2001), aff'd, 287 F.3d 1294 (10th Cir. 2002).

Therefore, the defendant was required to file his petition under 18 U.S.C. §2255, by October 26, 2004, a year and ten days after final judgment entered in his case. The defendant did not even sign his petition until January 21, 2005, well outside the deadline imposed by the AEDPA. Thus, the petitioner's motion must be dismissed.

**B. Even If The Petitioner's Claims Were Not Barred, The Defendant's Attorney Failure To File An Appeal Does Not Entitle The Petitioner To Relief.**

In order to sustain a claim of ineffective assistance of counsel, a Defendant must show

that 1) his attorney's performance fell below an objective standard of reasonable effectiveness, and 2) he was prejudiced as a result of his attorney's deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993). Loaiza's argument fails on both counts. To meet this burden, Loaiza must establish that a counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir. 1994), cert. denied, 115 S.Ct. 517 (1994). In determining whether counsel's performance fell below the relevant benchmark, "[j]udicial scrutiny of counsel's performance must be highly deferential", and "every effort [should] be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance;" Loaiza "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (other citations and internal quotations omitted).

The petitioner incorrectly claims that an attorney's failure to file an appeal is per se ineffective assistance of counsel. The Defendant cites several cases whose rulings either hold the opposite or have been overturned. In 2000, the Supreme Court held that counsel's failure to file notice of appeal without defendant's consent is not per se deficient. Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985, (2000). Loaiza admits that his attorney told Loaiza that the appeal would not have merit. Because Loaiza's attorney represented Loaiza effectively during the course of the assigned representation, this issue fails the first prong of the Strickland test.

C. **Loaiza Suffered No Prejudice Due To No Appeal Having Been Filed.**

Under Strickland, a technical violation which does not result in actual prejudice to the defendant is insufficient grounds to support an ineffective assistance claim. The defendant chose to testify at the safety valve hearing. The Sentencing Court noted that it did not find the defendant's testimony credible, and that the Court agreed with the testimony of the interviewing officer that the defendant's testimony was "incredible." The defendant has produced no testimony or evidence to the contrary. Absent supporting documentation, there is no basis for a claim that the defendant was prejudiced by a failure to file an appeal.

## III. CONCLUSION

For the aforementioned reasons, Loaiza's petition for relief pursuant to §2255 relief should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT C. CORRENTE
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I hereby certify that on this 25th day of February, 2005, I served by first class mail, postage prepaid, a copy of the within Government's Response to Petitioner's Motion to Vacate, to the following:

Carlos J. Loaiza
Registration #05297-070
LSCI - Allenwood
P.O. Box 1000
White Deer, PA 17887

Paula Hasey