UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Carlos J. Loaiza, Petitioner, | : | Criminal No. 03-CR-033-T |
| v. | : | Civil No. 05-CV-027-T |
| UNITED STATES OF AMERICA, Respondant. | : | |

MOTION FOR EVIDENTIARY HEARING

AND NOW COMES Carlos J. Loaiza, petitioner pro se and hereby prays and respectfully moves this Honorable Court for an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 motions, pursuant to the Supreme Court's declaration in Johnson v. United States, 544 U.S. _____, 161 L.Ed.2d 542, 125 S.Ct. _____ (2005), which has supported petitioner's position that the AEDPA's one-year limitations period for collaterally challenging a federal sentence begins to run from, among other points " the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

As grounds for this motion, petitioner submits the following:

1. In this case, petitioner has exercised due diligence and could not have discovered the key facts supporting his ineffective assistance of counsel claim until after the Magistrate Judge GRANTED petitioner's request for the sentencing transcripts.

2. The motion requesting transcripts was GRANTED on November 30,

2004. Therefore, pursuant to Johnson, supra, petitioner has one-year from the date he received the transcripts and discovered the key facts, along with the facts intimated in petitioner's original moving papers (which have not been disputed by prior counsel via any affidavit) filed ten months ahead of AEDPA's one-year limitations deadline.

3. Since counsel has not submitted any affidavit to refute petitioner's allegations that petitioner did not request him to file a notice of appeal, at the very least an evidentiary hearing should be held to test the truth of petitioner's testimony and to record counsel's testimony, because if counsel were to corroborate petitioner's testimony, petitioner would be entitled to relief in the form of a resentencing whereby a direct appeal can be taken. See Roe v. Flores-Ortega, 528 U.S. 470 (2000).

WHEREFORE, petitioner Carlos J. Loaiza prays for an evidentiary hearing on the instant motion to vacate pursuant to the AEDPA and recent Supreme Court declaration in Johnson v. United States, supra.

Done this 24 day of June, 2005.

Respectfully Submitted,

Carlos J. Loaiza - Pro Se
Reg. No. 05297-070
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

# PROOF OF SERVICE

I certify that on 6/24/05 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below:**

Clerk's Office
U.S. District Court
District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903
(Original and Two Copies of Motion for Evidentiary Hearing)

Mary Rogers, Esq.-AUSA
U.S. Attorney's Office
50 Kennedy Plaza-8th Floor
Providence, RI 02903
(One Copy-Same)

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 6/24/05 (date) for forwarding to the XXXXXXXAppeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Signature
Carlos J. Loaiza - Pro Se
LSCI Allenwood
Reg. No. 05297-070
P.O. Box 1000
White Deer, PA 17887-1000

Dated: 6/24/05

*J:\FORMS\BRFS-APP\Informal Brief Questionnaire.wpd*

REV. 02/95