IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CARLOS J. LOAIZA | ) | |
| Petitioner | ) | CR 03-033T |
| v. | ) | CA 05-027T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR EVIDENTIARY HEARING**

Comes now the United States of America, by and through its attorneys, Robert C. Corrente, United States Attorney, and Mary E. Rogers, Assistant United States Attorney, and hereby objects to the Defendant's Motion for Evidentiary Hearing for the reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT C. CORRENTE
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I hereby certify that on this 21st day of July, 2005, I served by first class mail, postage prepaid, a copy of the within Government's Objection and Memorandum in support thereof to Petitioner's Motion for and Evidentiary Hearing, to the following:

Carlos J. Loaiza
Registration #05297-070
LSCI - Allenwood
P.O. Box 1000
White Deer, PA 17887

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CARLOS J. LOAIZA | ) | |
| Petitioner | ) | CR 03-033T |
| v. | ) | CA 05-027T |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent | ) | |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR EVIDENTIARY HEARING**

The Defendant seeks an evidentiary hearing, claiming that the statute of limitation under the Antiterrorism and Effective Death Penalty Act (AEDPA) has not run and that his former trial counsel is obligated to provide testimony pertaining to the Defendant's claim of ineffective assistance of counsel.

Newly discovered facts trigger the one year limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA) for a prisoner to file a motion seeking to collaterally attack his federal sentence, provided that the prisoner has shown due diligence in seeking the order. Johnson v. United States, 125 U.S. 1571 (2005); 28 U.S.C.A. § 2255. The Defendant has not shown that he exercised due diligence. The Defendant alleges that there *may* be facts contained in the sentencing transcript that will constitute newly discovered facts. It appears that the Defendant still has not read the transcripts. Even if he had, the Defendant was present at his sentencing hearing and knew what took place. There can be no "newly discovered facts" that emanate from reading a transcript of a hearing at which the Defendant was present. Thus the Defendant's claim is time barred.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court held that defense

counsel's failure to file a notice of appeal without a defendant's consent is not per se deficient. A Defendant claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the Defendant. The Defendant, Loaiza, now attempts to reverse the burden of proof, by claiming that the Defendant's trial attorney should come forward with evidence rebutting a fact that the Defendant is responsible to prove. The Defendant's claim that, because his former trial counsel did not provide an affidavit refuting the Defendant's claim, the Defendant is now entitle to an evidentiary hearing ignores the fact that the Defendant has not shown an exception to the statute of limitations bar to his claim. Nor has he provided evidence that his former counsel's representation fell below an objective standard of reasonableness, or that the Defendant was prejudiced in anyway.

For the foregoing reasons, the Defendant's Motion for an Evidentiary Hearing should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT C. CORRENTE
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I hereby certify that on this 21st day of July, 2005, I served by first class mail, postage prepaid, a copy of the within Government's Objection and Memorandum in support thereof to Petitioner's Motion for and Evidentiary Hearing, to the following:

Carlos J. Loaiza
Registration #05297-070
LSCI - Allenwood
P.O. Box 1000
White Deer, PA 17887

K Anderson



FILED

RECEIVED
JUL 20 2005
U.S. ATTORNEY
DISTRICT OF R.I.

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Carlos J. Loaiza,<br>Petitioner, | : | Criminal No. 03-CR-033-T |
| | : | Civil No. 05-CV-027-T |
| v. | : | |
| UNITED STATES OF AMERICA,<br>Respondant. | : | |

MOTION FOR EVIDENTIARY HEARING

AND NOW COMES Carlos J. Loaiza, petitioner pro se and hereby prays and respectfully moves this Honorable Court for an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 motions, pursuant to the Supreme Court's declaration in Johnson v. United States, 544 U.S. _____, 161 L.Ed.2d 542, 125 S.Ct. _____ (2005), which has supported petitioner's position that the AEDPA's one-year limitations period for collaterally challenging a federal sentence begins to run from, among other points " the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

As grounds for this motion, petitioner submits the following:

1. In this case, petitioner has exercised due diligence and could not have discovered the key facts supporting his ineffective assistance of counsel claim until after the Magistrate Judge GRANTED petitioner's request for the sentencing transcripts.

2. The motion requesting transcripts was GRANTED on November 30,

2004. Therefore, pursuant to Johnson, supra, petitioner has one-year from the date he received the transcripts and discovered the key facts, along with the facts intimated in petitioner's original moving papers (which have not been disputed by prior counsel via any affidavit) filed ten months ahead of AEDPA's one-year limitations deadline.

3. Since counsel has not submitted any affidavit to refute petitioner's allegations that petitioner did not request him to file a notice of appeal, at the very least an evidentiary hearing should be held to test the truth of petitioner's testimony and to record counsel's testimony, because if counsel were to corroborate petitioner's testimony, petitioner would be entitled to relief in the form of a resentencing whereby a direct appeal can be taken. See Roe v. Flores-Ortega, 528 U.S. 470 (2000).

WHEREFORE, petitioner Carlos J. Loaiza prays for an evidentiary hearing on the instant motion to vacate pursuant to the AEDPA and recent Supreme Court declaration in Johnson v. United States, supra.

Done this 24 day of June, 2005.

Respectfully Submitted,

Carlos J. Loaiza

Carlos J. Loaiza - Pro Se
Reg. No. 05297-070
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

## PROOF OF SERVICE

I certify that on 6/24/05 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

Clerk's Office
U.S. District Court
District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903
(Original and Two Copies of Motion for Evidentiary Hearing)

Mary Rogers, Esq.-AUSA
U.S. Attorney's Office
50 Kennedy Plaza-8th Floor
Providence, RI 02903
(One Copy-Same)

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 6/24/05 (date) for forwarding to the [redacted]. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Signature
Carlos J. Loaiza - Pro Se
LSCI Allenwood
Reg. No. 05297-070
P.O. Box 1000
White Deer, PA 17887-1000

Dated: 6/24/05

*J:\FORMS\BRFS-APP\Informal Brief Questionnaire.wpd*