UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Carlos J. Loaiza, : Civil No. 05-CV-027T
Petitioner,
: Criminal No. 03-CR-033T
v.
:
UNITED STATES OF AMERICA,
Respondant. : ss: §2255 Motion to Vacate

MOTION TO RENEW
MOTION FOR EVIDENTIARY HEARING

AND NOW COMES Carlos J. Loaiza, petitioner pro se and hereby prays and respectfully moves this Honorable Court to issue and ORDER GRANTING petitioner's previous request for an evidentiary hearing on the §2255 motion alleging ineffective assistance of counsel for counsel's failure to file a notice of appeal, at petitioner's request, after his sentencing.

As grounds for this motion, petitioner submits the following:

1. On or about June 24, 2005, petitioner filed a "Motion For Evidentiary Hearing" on his §2255 motion, intimating that pursuant to the Supreme Court's declaration in Johnson v. United States, 125 S.Ct. 1571 (2005), his §2255 motion was timely filed by petitioner's excercise of due diligence.

2. On or about July 21, 2005, the United States filed a motion intimating that petitioner's motion for evidentiary hearing should be denied. To date, this Honorable Court has not rendered a decision.

3. Petitioner now prays and respectfully moves this Honorable Court

to issue an ORDER remanding petitioner for an evidentiary hearing on the §2255 motion. Petitioner respectfully submits a host of cases have been decided that are parallel to petitioner's position and seem to suggest that at the very least, an evidentiary hearing is required in this case. See Wims v. United States, 225 F.3d 186 (2nd Cir. 2000); Montenegro v. United States, 248 F.3d 585 (7th Cir. 2001), overruled on other grds.; Ashley v. United States, 266 F.3d 671 (7th Cir. 2001), and Aron v. United States, 291 F.3d 708 (11th Cir. 2002).

WHEREFORE, since pursuant to Johnson v. United States, supra, and Roe v. Flores-Ortega, 528 U.S. 470 (2000), petitioner prays and renews his previous motion for an evidentiary hearing, especially when counsel has not submitted any affidavit to dispute petitioner's allegation that he had in fact request counsel to file a notice of appeal after the sentencing. The omission of an affidavit to dispute petitioner's claim(s) constitutes counsel's acquiescence, and therefore, the §2255 habaes corpus should be GRANTED, appellate rights restored nunc pro tunc, or at the very least, an evidentiary hearing held. See Solis v. United States, 252 F.3d 289, 294-95 (3rd Cir. 2001)(where appellate court declared that Solis should have received an evi-entiary hearing on the ineffective assistance of counsel claim).

Done this 16 day of August, 2006.

Respectfully Submitted,

Carlos J. Loaiza - Pro Se
Reg. No. 05297-070
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

# PROOF OF SERVICE

I certify that on 08/16/06 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

Clerk's Office
U.S. District Court
District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903
(Original and Two Copies of Motion to Renew Motion for Evidentiary Hearing)

Mary Rogers, Esq. AUSA
U.S. Attorney's Office
District of Rhode Island
50 Kennedy Plaza-8th Floor
Providence, RI 02903
(One Copy-Same)

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 8/16/06 (date) for forwarding to the Court ~~of Appeals~~. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Carlos J. Loaiza
Signature
Carlos J. Loaisa - Pro Se
LSCI Allenwood
Reg. No. 05297-070
P.O. Box 1000
White Deer, PA 17887-1000

Dated: 8/16/06

Rev. 09/05