# United States Court of Appeals
## For the First Circuit

No. 05-2663

BILLY RAMÍREZ-ALVERIO,
Petitioner, Appellant,

v.

UNITED STATES,
Respondent, Appellee.

---

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

**JUDGMENT**

Entered: January 8, 2007

After consideration of the briefs in this case, along with the government's concession that the matter should be remanded for an evidentiary hearing, we vacate the judgment of the district court and remand the matter for an evidentiary hearing for a determination of whether the instant petition was timely filed. See 28 U.S.C. § 2255 ¶6(4).

At that evidentiary hearing, the district court should consider what efforts Ramírez made during the 20-month period after his conviction became final to instigate an appeal and to learn whether his attorney had filed an appeal; whether those efforts constituted due diligence; and, if not, whether a petitioner in Ramírez's position could have discovered his attorney's alleged omission, through the exercise of due diligence, within one year of the filing of the present motion under section 2255. See Aron v. United States, 291 F.3d 708 (11th Cir. 2002); Montenegro v. United States, 248 F.3d 585 (7th Cir. 2001), overruled on other grds., Ashley v. United States, 266 F.3d

671 (7th Cir. 2001); and Wims v. United States, 225 F.3d 186 (2d Cir. 2000).

Assuming that Ramírez did make a timely request to his attorney to appeal (i.e., at sentencing or shortly thereafter), the statute provided him a year to file his motion under section 2255 from the point that he learned, or in the exercise of due diligence would have learned, that his supposed instruction had been disobeyed. 28 U.S.C. § 2255 ¶6(4). The statute does not require "the maximum feasible diligence, only 'due,' or reasonable, diligence." Wims, 225 F.3d at 190 n.4.

Although the present disposition cannot stand, we should make clear that the underlying request for relief is at the very least suspicious. The petitioner pled guilty and, according to the magistrate judge, received the sentence he actually bargained for. His affidavit and brief provide no detail as to when the petitioner allegedly asked his counsel to appeal. Nor is there indication as to what he hoped to argue on appeal, nor is there any detailed description of the alleged attempts to contact his defense counsel who denies that she received any such communication except the last one long after the sentencing.

The judgment of the district court is vacated, and the matter is remanded for further proceedings in accordance with this judgment.

By the Court:

Richard Cushing Donovan, Clerk.

By: ______________________________
Chief Deputy Clerk.